# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Vitaly Evgenievich Pilkin, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-832 (UNA) |
| ) | |
| United States Department of Justice *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a resident of Moscow, Russia. He sues the U.S. Department of Justice and Attorney General William Barr for DOJ's alleged refusal to investigate his complaints of federal offenses "committed by Sony Group Companies" and "law firm Hogan Lovells[.]" Compl. ¶ 5; *see id*. ¶¶ 9-18 (recounting complaints of law violations that plaintiff allegedly submitted to DOJ between October 2013 and September 2016).

The United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution, and, as a general rule applicable here, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's

decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."); *Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review."), citing *Block v. SEC*, 50 F.3d 1078, 1081-82 (D.C. Cir. 1995) (other citation omitted). Notably, the Supreme Court's "recognition of the existence of discretion is attributable in no small part to the general unsuitability for judicial review of agency decisions to refuse enforcement." *Heckler*, 470 U.S. at 831. Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: April 14, 2020

s/
AMY BERMAN JACKSON
United States District Judge